Nash, J.
 

 In almost every case of a trial before our Courts, the Legislature has provided a remedy for alleged error, by an appeal to a superior tribunal. This is a right which, in proper cases, cannot legally
 
 be
 
 denied. If> however, it is denied w'hen it ought to be granted, or from any accident the party complaining has been prevented from attending the trial, or been unable to pro’
 
 *367
 
 cure proper sureties within the prescribed and proper time, or, from any fraud practised upon him, he has been induced to forego or neglect his right of appeal, a Superior Court will, upon a timely application, and proper grounds shown, grant him a writ of
 
 certiorari
 
 or
 
 recordari,
 
 as his case may require. When the Court, whose proceedings are sought to be reviewed, proceeds in the matter, not in the course of the common law, and there is no legislative provision for an appeal, the above writs, if not strictly matters of right, are so considered in practice, being issued as matters of course. In other cases, their ordinary use in this State is as a substitute for the appeal, and, when granted, the case is to be tried
 
 de novo.
 
 To entitle the applicant to the benefit of the writ, he must show sufficient reasons for not resorting to the remedy provided for him by the Statute ; in other words, he must explain satisfactorily why he did not appeal. The plaintiff, in this case, has entirely failed to do so. He does not in his affidavit inform us, whether he was at the trial or not; but states a fact, unimportant in itself, except as leading to the conclusion that he was absent, to-wit: that he lived twenty-eight miles from Washington, where the trial was had, leaving the impression that the distance of his residence from the place of trial was the reason why he did not attend. In this particular, the affidavit, to say the least of it, was unfair. Nor does
 
 he
 
 correct or remove that impression, until his second affidavit is filed. The defendant in his affidavit states, that the plaintiff was in Washington, at the time the trial was had, as he was informed and believes. And the constable, Patterson, swears, that, at the time he served the warrant, he showed the note to the plaintiff, who examined it, and told him to return the warrant at any time and take a judgment: that he asked him if he did not wish to enter some plea or pleas to protect him as executor or otherwise, and that he replied he did not. This affidavit is
 
 *368
 
 filed on the 23rd of November 1849. On the 25th, two days after, the second affidavit of the plaintiff was filed, in which he states he was not present at the trial, and expressly admits he voluntarily absented himself. The reason he assigns is the absence from Washington of the counsel he had employed to advise him in managing the estate of his testator, with whom he wished to consult as fio his liability to pay the debt. It is to be remarked, that, in this second affidavit, he does not contradict a single statement made by the officer, who served the warrant. He chose to absent himself “trusting (in his own language) that the law would provide a remedy if any wrong was done him.” The law did provide him a remedy, which he did not choose to claim. And, as he was not deprived of it by any fraud, accident, surprise or denial of it by the Court, he is not entitled to the aid of the writ of
 
 recordari.
 
 In addition to this, according to the uncon tradicted evidence of the officer, by direction and consent of the petitioner, he returned the warrant and took the judgment, which he held several months in his hands, and which the petitioner repeatedly promised to pay. We are not called upon to say anything, as to the correctness of the judgment.
 

 The writ was improvidently issued, and the petition properly dismissed.
 

 Per Curiam.
 

 Judgment affirmed.